# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BEAU D. JAMMES,**

      **Plaintiff,**

v.                                                      Case No. 18-CV-493

**OUTAGAMIE COUNTY, et al.,**

      **Defendants.**

## SCREENING ORDER

Beau D. Jammes, a prisoner who is representing himself, filed a lawsuit using this District's prisoner complaint form. He has since filed four amended complaints, most recently on November 20, 2018. The plaintiff's complaint (his fourth amended complaint) is ready to be screened. This court has jurisdiction pursuant to consent of plaintiff and the Memorandum of Understanding regarding limited consent between the State of Wisconsin and the Clerk of Court. In addition to screening his fourth amended complaint, the court will also grant his motion to proceed without prepayment of the filing fee and deny his motion to appoint counsel and deny his motion to pursue a claim against Judge Vincent Biskupic.

    *1. Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those

requirements is that the prisoner pay an initial partial filing fee. On April 19, 2018, the Court ordered the plaintiff to pay an initial partial filing fee of $16.58, ECF No. 10, which the plaintiff paid on May 2, 2018. As such, the court will grant his motion. The plaintiff will be required to pay the remainder of the $350 filing fee over time in the manner described at the end of this Order.

2. *Screening of the Complaint*

The court is required to screen complaints brought by prisoners, or parolees, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir.

2

2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2.1 Allegations in the Complaint

The fourth amended complaint is the operative complaint. In it, the plaintiff states that he was on probation for one count of resisting/obstructing an officer in October 2015. The plaintiff alleges that on or around October 12, 2015, three Appleton Police officers—Sergreant McQuaid, Officer Medina, and Officer Ryan—unlawfully arrested him. The officers claimed the plaintiff had a switchblade in his hand (later, video evidence showed this not to be the case).

The plaintiff alleges that during the arrest, McQuaid and Medina repeatedly threw him into the wall, causing him severe pain and suffering. As a result of the officers' allegations, his probation was revoked on December 1, 2015. He alleges that Judge Vincent R. Biskupic stayed his revocation sentence and placed him on an unlawful term of probation and then sent him back to finish him time, resulting in 231 days of false imprisonment.

2.2 Analysis

The plaintiff has made out a Fourth Amendment excessive force claim against McQuaid and Medina. To state such a claim, the plaintiff must allege that the officers' use of force was unreasonable given the circumstances. *Sauciver v. Katz*, 533 U.S. 194, 204-05 (2001). While the plaintiff could have included more about what

3

happened, his allegation that the officers repeatedly threw him against a wall while arresting him is sufficient at this stage of the proceedings.

The plaintiff's complaint also sufficiently states a claim for unlawful (or false) arrest. An arrest is unlawful if there is no probable cause to support it, so the predicate of any unlawful arrest claim is the absence of probable cause. *Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). It may very well be that the officers had probable cause to arrest the plaintiff (even though it turns out he was, indeed, not holding a switch blade), but at this stage in the proceedings the court will also allow the plaintiff to proceed on an unlawful arrest claim against McQuaid, Medina, and Ryan.

However, the plaintiff may not proceed on any claim against Judge Biskupic. The court will dismiss Judge Biskupic as a defendant and deny the plaintiff's motion to proceed against him because judges are ordinarily entitled to absolute immunity from suit. *Mireles v. Waco*, 502. U.S. 9, 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Honola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995). That is, when a judge acts in his judicial role or capacity, he cannot be sued for actions taken in that role or capacity. While the plaintiff argues that the judge's actions constitute an exemption to absolute immunity, he alleges neither that the judge's actions were extra-judicial (that is, not taken in his judicial capacity) nor that the judge acted in the absence of jurisdiction. These are the only two exceptions to judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations omitted). Judge Biskupic is dismissed as a defendant, and the court denies the plaintiff's motion to proceed against him.

4

The court also dismisses defendants Cassandra A. Dreger, Delvin L. DeBruin, Shakeno D. Green, Sergeant Moderson, Lieutenant Miller, Chief Todd L. Thomas, and Sheriff Bradley G. Gehring. The plaintiff's complaint contains no allegations about or against any of these defendants. A defendant must be personally involved in an alleged constitutional violation to be liable under § 1983, *Kelly v. Municipal Courts of Marion County, Indiana*, 97 F.3d 902, 909 (7th Cir. 1996), and without any allegations concerning them, the court cannot find they were involved. They are all therefore dismissed.

Finally, the Court will deny without prejudice the plaintiff's motion to appoint counsel. The court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The litigant must first, however, make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Once the litigant makes reasonable attempts to hire counsel, the court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

At this point, the plaintiff has not shown that he has made an effort to find counsel on his own. But even so, the court is satisfied that he is capable of

5

Case 2:18-cv-00493-JPS   Filed 03/07/19   Page 5 of 8   Document 24

representing himself at this time. His fourth amended complaint is well-organized and straightforward, as was his motion to sue Judge Biskupic. Jammes' personal knowledge of his interaction with the police officers will be critical for his case, and the court is satisfied he is able to convey what happened to him and why he believes it violated his rights. Therefore, the court will deny his motion without prejudice.

*3. Conclusion*

The court therefore **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2).

The court **DISMISSES** Judge Vincent R. Biskupic, Cassandra A. Dreger, Delvin L. DeBruin, Shakeno D. Green, Sergeant Moderson, Lieutenant Miller, Chief Todd L. Thomas, and Sheriff Bradley G. Gehring

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel (ECF No. 11).

The court **DENIES** the plaintiff's motion to pursue a claim against Judge Vincent Biskupic (ECF No. 13).

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on Sergeant McQuaid, Officer Medina, and Officer Ryan under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full

6

fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the **$333.42** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20 percent of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

The court **ORDERSE** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could

result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this <u>7th</u> day of March, 2019.

**BY THE COURT:**

<u>*s/ David E. Jones*            </u>
DAVID E. JONES
United States Magistrate Judge